No. 11;246.

SMITH, RECEIVER, *v.* STRAUB.

Decided June 1, 1925.

Proceeding involving the ownership of a promissory note. Judgment for intervener.

*Affirmed.*

*On Application for Supersedeas.*

1. TRUSTS—*Principal and Agent—Promissory Note.* An agent who makes a loan for his principal and takes the note in his own name as payee, holds it in trust for the principal.

2. ATTACHMENT—*Garnishment—Promissory Note.* A note taken by an agent for his principal although bearing his name as payee, is not subject to attachment or garnishment for his debts.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Messrs. COEN & SAUTER, for plaintiff in error.

Messrs. McCONLEY & McCONLEY, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by the receiver of the First National Bank of Sterling, Colorado, against F. D. Weidenhamer, a stockholder holding 120 shares of the capital stock, to recover an assessment of $100 per share ordered by the comptroller of currency. A garnishee summons was

served upon one Fred Schneider who, answering same, alleged as follows: "I negotiated a loan through F. D. Weidenhamer, as agent for Emma E. Straub of Galesburg, Illinois, on February 10, 1922, in the principal sum of $12,000. This principal has not been paid, but is due to Emma E. Straub, and I owe F. D. Weidenhamer nothing."

Emma E. Straub filed a petition in intervention which contained allegations consistent with those in the garnishee's answer. The receiver traversed the garnishee's return, and also answered the petition in intervention. Upon trial the court found the issues in favor of the intervener, Emma E. Straub, and that the garnishee, Schneider, is indebted to her and not to the defendant. The plaintiff receiver has sued out this writ, and the case is here on his application for a supersedeas.

Schneider obtained the loan mentioned in his answer, and executed a note in the principal sum of $12,000. The sole issue of fact involved in this case is whether the defendant or the intervener is the owner of the note. The evidence shows that intervener, living in Illinois, had the defendant negotiate loans for her in Colorado. He collected for her, on one loan, the sum of $10,400, and retained possession of the money. He recommended a new loan of $12,000 to Schneider. She approved it, and the loan was made. The defendant applied the $10,400, which he had theretofore collected for intervener, and advanced the balance, $1,600. Within about a week thereafter, intervener reimbursed defendant the amount he had advanced. At the time the loan was made, Schneider executed a note, evidencing the debt occasioned by the loan. The defendant was named therein as payee. When he obtained the $1,600 from Mrs. Straub he made an endorsement upon the note purporting to transfer it to Mrs. Straub, the intervener, but he did not send the note to her. As her agent, he was accustomed to keep all her papers concerning her loans, and did so at her direction.

The contention of plaintiff in error, the receiver, is that the note was and remained the property of defendant;

that he never transferred it to intervener because the endorsement was not accompanied by delivery. There is much discussion in the briefs as to whether there was in fact a *delivery* of the note to Mrs. Straub, so as to complete a transfer by endorsement. We do not deem it necessary to consider that question. Under the evidence, the note from its execution was the property of Mrs. Straub. She furnished all the money involved in the loan, $12,000. Of that amount, it is true, defendant advanced $1,600, but she promptly reimbursed him. She was the party making the loan. Defendant was her agent. If he took a note making himself payee, he was holding the note in trust for her. 2 C. J. 705. The note or debt was not subject to attachment (6 C. J. 206) nor to garnishment for defendant's debts. 28 C. J. 119.

There was no error in finding the issues for the intervener. The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE CAMPBELL, concur.